**NATIONWIDE GENERAL INSURANCE COMPANY, a corporation, and Nationwide Mutual Insurance Company, a corporation, Plaintiffs,**

v.

**EMPLOYERS MUTUAL CASUALTY COMPANY OF DES MOINES, IOWA, a corporation, Defendant.**

**Civ. A. No. 70-891.**

United States District Court,
W. D. Pennsylvania.
March 20, 1973.

Cosmos J. Reale, Murovich, Reale & Fossee, Pittsburgh, Pa., for plaintiffs.

Daniel Snyder, Costello, Snyder, Berk & Horner, Greensburg, Pa., for defendant.

## OPINION

DUMBAULD, District Judge.

Plaintiffs (Nationwide) insured the Kalps, who collected approximately $32,500 from Nationwide on the "uninsured motorist" provision of their policy. They were the non-negligent victims of a collision with one Beckner, who carried a liability policy with defendant (Employers). Employers disclaimed liability on the ground that Beckner had falsely denied a history of prior policy cancellations in executing the application. After the collision in which the Kalps were injured, Employers cancelled the policy. Nationwide contends here that Employers, as the primary liability carrier, should bear the loss.

Beckner's application on August 18, 1964, resulted in issuance by Employers of a policy for six months, which was renewed routinely by the company on February 18, 1965, August 18, 1965, and February 18, 1966 for six months periods. The extension of February 18, 1966 (being policy No. 713–19–51, Ex. 33), was in effect when the collision occurred on August 11, 1966. Employers cancelled the policy on March 30, 1967.

The misrepresentation upon which Employers relies is with respect to item IV (1)(f), asking whether, during the past five years, has applicant had any automobile insurance "cancelled or declined." The answer indicated was "No."

In fact a policy of liability insurance issued to Beckner had been cancelled by Nationwide on March 1, 1964, for non-payment of premium (Ex. 35), and a collision and comprehensive policy on July 31, 1964. Because of destruction of files by Nationwide (Ex. 3) it is not entirely clear what the reasons for cancellation were, but apparently the first policy was cancelled for non-payment of premium because the car had been demolished in an accident and insurance was no longer needed, while the second was cancelled because the Gallatin Bank's encumbrance on the vehicle had been paid off on July 6, 1964. (Ex. 8, Ex. 10–A, Ex. 10–B, Ex. 15). Hence Beckner might well have believed that his answer was truthful, in that no policy had been cancelled because of his being involved in accidents and being a bad risk. He stated that he believed the policies "had run out" rather than being "cancelled or declined." (Ex. 5, p. 8).

On the basis of these facts we conclude that Employers, having made a credit check and voluntarily issued the renewal policy No. 713–19–51 on February 18, 1966, can not avoid liability by a retroactive cancellation undertaken after the peril insured against had already oc-

curred on August 11, 1966. Hence Employers rather than Nationwide should bear the loss.

This opinion shall be deemed to constitute the Court's findings of fact and conclusions of law.